# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STEVEN CHAVEZ,

    Plaintiff,

  v.                                                                             No. CIV 11-0840 WJ/CEG

BOB SCHWARTZ,
AMY MAYER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names as Defendants a judge (Defendant Schwartz) of the New Mexico Second Judicial District Court and a deputy clerk (Defendant Mayer) of the New Mexico Supreme Court (Doc. 1 p. 12). Plaintiff alleges that the Defendant Schwartz denied his post-conviction motion for transcripts and record proper. His claim against Defendant Mayer appears to arise from the supreme court's denial of his petition for writ of prohibition against the district court. Plaintiff contends that Defendants' actions violated his rights under the Fourteenth Amendment. For relief, he asks this Court to "order the State to provide the requested documents or the Defendants to provide the requested materials free of charge."

Plaintiff's allegations do not state claims for relief. "Although we have previously said that a plaintiff may obtain an injunction against a state judge under 42 U.S.C. § 1983, those statements were abrogated by the Federal Courts Improvement Act of 1996 [codified in part at 42 U.S.C. § 1983], which provides that 'injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.' He has not shown that either condition was satisfied here." *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (internal citations omitted). Furthermore, "[t]o the extent that [Plaintiff] is seeking relief in the nature of mandamus, ordering Defendants to take action in their capacities as state judges, '[w]e have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties.'" *Id.* The court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE